IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOOLA O. TAYLOR,
No. B-41154,

Petitioner,

vs.                                                  Case No. 14-cv-00553-DRH

KIMBERLY BUTLER,

Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Toola O. Taylor is currently incarcerated in the Menard Correctional Center, where he is serving a 32-year sentence on a 2008 conviction for aggravated criminal sexual assault. On May 15, 2014, he filed this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

This is the second time that Taylor has sought habeas relief in this Court. His first § 2254 petition was filed on October 15, 2012. *Taylor v. Atchison*, Case No. 12-cv-1099. After initially being dismissed without prejudice for non-exhaustion, that action was reopened and a response was ordered so that the Court could consider whether to excuse the exhaustion requirement due to the lengthy pendency in state court of Taylor's post-conviction petition. The habeas petition was ultimately dismissed again, however, on August 13, 2013. The undersigned Judge found that even though the post-conviction action had been

pending for nearly three years, much of the delay was attributable to petitioner and his court-appointed former counsel (Docs. 31, 32 in Case No. 12-cv-1099). The court-appointed attorney had been discharged on March 15, 2013, and petitioner was allowed to continue *pro se* in his state post-conviction case, as he had requested. Petitioner was directed to exhaust his state court remedies before returning to petition this Court for habeas relief.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed, again for lack of exhaustion.

**The Habeas Petition**

Petitioner's conviction was affirmed on direct appeal, and the Illinois Supreme Court denied discretionary review on March 24, 2010 (Doc. 1, p. 3). He did not seek further direct review, but on September 27, 2010, timely filed a petition for post-conviction relief in the trial court (the Circuit Court of Peoria County, Case No. 07-CF-767) (Doc. 1, p. 6). That action is still pending in the

state court, and petitioner again asks this Court to excuse the exhaustion requirement because of the "unconstitutional delay." *Id*.

The only discernible change in the posture of petitioner's state court claims is that on March 8, 2014, the trial court denied two motions that he had filed separately from the post-conviction action (Doc. 1, pp. 4-5). The first was a motion to dismiss the indictment that resulted in petitioner's conviction. He had initially filed this motion on February 24, 2011, and then re-filed it on April 15, 2013. The motion claimed the indictment failed to state an offense, was void, and thus failed to confer subject-matter jurisdiction upon the trial court. The second motion had been filed on March 16, 2011, and sought relief from judgment pursuant to 735 Illinois Compiled Statutes 5/2-1401. It also challenged the indictment as void and based on a statute not in effect at the time of the alleged offense. Petitioner states that he has appealed the denial of these motions, and the matter is now pending before the Illinois Appellate Court, Third District (Doc. 1, p. 5).

Petitioner goes on to raise 16 grounds for federal habeas relief (Doc. 1, pp. 6-25). He states that all but two of these were raised in the still-pending post-conviction petition (Doc. 1 p. 12). He attaches his amended post-conviction petition as an exhibit (Doc. 1-1, pp. 21-76).

**Discussion**

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and

prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

A federal court may conclude that "[i]nordinate, unjustifiable delay in a state-court collateral proceeding" would excuse the requirement for a petitioner to exhaust all state-court remedies before bringing a federal habeas corpus action. *See Jackson v. Duckworth,* 112 F.3d 878, 881 (7th Cir. 1997). This Court examined the facts surrounding the delay in Taylor's pending post-conviction case in his first habeas proceeding, and determined that while some of the delay was attributed to the state, the majority of the delay was due to the action or inaction

of petitioner and his former counsel. Petitioner succeeded in having appointed counsel dismissed, and has been free to pursue the post-conviction case on his own since March 2013. The instant petition contains no indication that the continued pendency of that case without a final decision amounts to an inordinate or unjustifiable delay. The trial court found the post-conviction challenge to have sufficient potential merit to have appointed counsel in the first instance. This Court sees no reason to depart at this juncture from the well-established rule that the state courts must be given the first opportunity to correct any constitutional errors before a prisoner may seek redress in the federal courts.

Further, the two motions that the trial court denied on March 8, 2014, do not satisfy the exhaustion requirement. Petitioner's appeal of their denial is still pending. More to the point, only some of the challenges to petitioner's conviction were raised in those motions; most if not all of the constitutional issues pertinent to a federal habeas action remain pending before the state court in the post-conviction matter.

Petitioner's claims will not be exhausted until the trial court rules on his post-conviction petition, and, if that decision is not favorable, petitioner must complete each level of review in the state appellate and supreme courts. 28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." Therefore, the one-year limitation period that began to run after the conclusion of petitioner's

direct appeal continues to be tolled while the state courts consider the pending post-conviction challenge.

Because the state post-conviction case is still pending, this habeas corpus action shall be dismissed without prejudice. Petitioner may re-file this action once his state court remedies are fully exhausted, so long as he does so within the applicable time limit.

### Filing Fee

When petitioner filed this action, he neither paid the $5.00 filing fee nor submitted a motion for leave to proceed *in forma pauperis* (IFP). He was instructed to take one of these steps no later than June 15, 2014 (Doc. 2). Petitioner incurred the obligation to pay the filing fee at the time he filed this case. *See Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If he does not pay the fee or file a motion for leave to proceed IFP by June 15, 2014, he may be prohibited from filing future actions in this Court until the fee is paid.

### Disposition

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts.

### Certificate of Appealability

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of

appealability, either from this Court or from the court of appeals. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons explained above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because he has not yet exhausted his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued by this Court.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4).

A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) [1] may toll the 30-day appeal deadline.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.03 21:51:56 -05'00'

**Chief Judge**
**United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).